**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SAMAHER ESMAIL, ET AL.,** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **No. 07-00540** |
| | * | |
| **AXIS SURPLUS INSURANCE CO.** | * | **SECTION "B"** |

**ORDER AND REASONS**

Before the Court is Defendant Western World's Motion for Summary Judgement and for attorneys' fees and court costs. (Rec. Doc. No. 64). Plaintiff filed a Memorandum in Opposition. (Rec. Doc. No. 66). After considering the motion, responses, supplemental memoranda, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED.**[1] That part of the motion seeking an award for fees is denied.

*A. MOTION FOR SUMMARY JUDGMENT STANDARD*

Summary Judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment on the matter. Fed. R. Civ. P. 56(c); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party has the burden of showing there is no genuine issue of material fact, but may discharge this burden by

---

[1] We are grateful for the work on this case by Michael Drory, a University of Pennsylvania Law School extern with our Chambers.

showing the absence of evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to satisfy the burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations". *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994). The mere existence of a scintilla of evidence on the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for that party. 477 U.S. at 248.

In a summary judgment proceeding, factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace v. Texas Tech* Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996) (citation omitted). However, the Court will not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson*, 477 U.S. at 249-51.

### B. PLAINTIFF'S COMMERCIAL GENERAL LIABILITY POLICY ISSUED BY DEFENDANT

As the subject Commercial General Liability (CGL) policy was delivered in the State of Louisiana, the provisions of the subject

policy are to be interpreted in accordance with the law of that state. *See Thermo Terratech v. GDC Enviro-Solutions, Inc.*, 265 F.3d 329, 334 (5th Cir. 2001); *Adams v. Unione Mediterranea Di Sicurta, et al.*, 220 F.3d 659, 677 (5th Cir. 2000). Under Louisiana law, interpretation of an insurance policy is subject to the general rules of contract interpretation which requires judicial determination of the common intent of the parties to the contract. *See Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. 1994). The intent of the parties, "as reflected by the words in the policy[,] determine the extent of coverage." *Id*. The words of an insurance policy are to be construed by applying their "general, ordinary, plain, and proper meaning … unless [they] have acquired a technical meaning." *Id*. *See also South Cent. Bell Tel. Co. v. Ka-Jon Food Stores of La, Inc.*, 644 So. 2d 357, 360 (La. 1994). Exclusions to coverage contained in an insurance policy must be clearly and expressly set forth. *See Omiga v. Rodriguez*, 799 F. Supp. 626, 630 (M.D. La. 1992). But, when the language of an insurance policy is clear, it must be enforced as written. *See Reynolds v. Select Props. Ltd.*, 634 So. 2d 1180, 1183 (La. 1994).

In the current case, Plaintiff has failed to provide evidence that "could or would prove" the necessary facts to show that the damage in question is covered under the Commercial General Liability Policy issued by Defendant. This is evidenced by the

Policy Declarations page which states that "THIS POLICY CONSISTS OF THE FOLLOWING COVERAGES FOR WHICH A PREMIUM IS INDICATED." (Rec. Doc. No. 64-6 at p.1). Under this statement, a premium of $3,050.00 is indicated for the "Commercial Liability Coverage Part" and no premium is indicated for the "Commercial Property Coverage Part." *Id*. This corresponding amount of $3,050.00 is listed on the "Summary of Insurance" issued by Stiel Insurance Services showing coverage issued by Defendant, Western World. (Rec. Doc. No. 66-2 at p.1).

As part of the "Insuring Agreement" in the Commercial General Liability Coverage Form, Defendant, Western World agreed to "pay those sums that the insured becomes legally obligated to pay as damages . . . ." (Rec. Doc. No. 64-6). "The phrase 'legally obligated' connotes a legal responsibility that is broad in scope, but a responsibility that involves civil liability . . . ." 20-129 Appleman on Insurance § 129.2 (2d 2010). The damage to the property was the result of a natural disaster, Hurricane Katrina. There are no facts before the Court to support the inference that Plaintiff is obligated to pay for the damage to the rented property. Applying the clear language of the contract, the Commercial General Liability Coverage Form does not apply to the current claim because Plaintiff, insured, is not legally obligated to pay for damages to the property as a result of Hurricane Katrina.

As the record shows, Plaintiff was given ample notice[2] to evaluate the policy, determine that the claim had been wrongfully brought, and voluntarily dismiss Defendant, Western World, from this claim. (Rec. Doc. Nos. 64, 64-3). However, once Western World presented Plaintiff with a copy of the insurance agreement as requested, Plaintiff ceased all communication with Defendant. (Rec. Doc. Nos. 64-2, 64-3). The policy clearly shows that the first-party property claim does not fall within the Commercial General Liability plan. Finally, in response to the supplemental memoranda on specific issues ordered by this Court, it is clear that Defendant Western World has no relationship with Stiel Insurance Services, and the policy referenced in Rec. Doc. No. 64-6 at p.12 for property insurance carried by "Underwriters at Lloyds" is a listing of a prior insurance policy that was not in effect at the time of Hurricane Katrina. (Rec. Doc. No. 69 at 2,3). Given above sequence of events and surrounding circumstances relative to the instant and prior insurance policies, we decline the request for attorney fees. However, an award for court costs to the prevailing party is appropriate and due.

---

[2] From January 4, 2010 when Western World provided the policy to Plaintiff until March 1, 2010 when Western World stated as the date they would file this motion. (Rec. Doc. No. 64-2 at 2).

New Orleans, Louisiana, this 16th day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE